**NORTH AMERICAN ENCLOSURES, INC., Petitioner**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

National Labor Relations Board, Respondent

v.

North American Enclosures, Inc., Petitioner.

Nos. 05–1370, 05–1406, 05–1430.

United States Court of Appeals, District of Columbia Circuit.

Jan. 11, 2007.

Carmelo Grimaldi, Thomas Joseph Bianco, Kaufman, Schneider & Bianco, LLP, Woodbury, NY, for Petitioner.

Jill A. Griffin, Attorney, Aileen A. Armstrong, Deputy Associate General Counsel,

John H. Ferguson, Assistant General Counsel, Ronald E. Meisburg, Heather Stacy Beard, National Labor Relations Board, Washington, DC, for Respondent.

Before: HENDERSON, ROGERS and BROWN, Circuit Judges.

*JUDGMENT*

PER CURIAM.

These cases were heard on the record from the National Labor Relations Board and on the briefs and arguments of counsel. It is

**ORDERED** that the petition for review is denied and the cross-applications for enforcement are granted.

The National Labor Relations Board (Board) found that North American Enclosures, Inc.'s (NAE) refusal to bargain with Local 348–S United Food and Commercial Workers Union, AFL–CIO (Union), the certified union of NAE's employees, violated section 8(a)(1) and (5) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1), (5). NAE challenges the representation election and union certification, arguing that the certification was not based on substantial evidence. For its part, the Board cross-applies for enforcement of its order directing NAE to bargain with the Union. We uphold the Board's certification determination and resulting bargaining order because they are supported by substantial evidence in the record and the Board did not act arbitrarily or otherwise err in applying established law to the facts of the case. *Tradesmen Int'l, Inc. v. NLRB*, 275 F.3d 1137, 1141 (D.C.Cir.2002) (citing *Int'l Union of Elec., Elec., Salaried, Mach. & Furniture Workers v. NLRB*, 41 F.3d 1532, 1536 (D.C.Cir.1994)).

The Board enjoys broad discretion in conducting representation elections. *See, e.g., Kwik Care Ltd. v. NLRB*, 82 F.3d

1122, 1126 (D.C.Cir.1996). Indeed, the Board's union certification decision may be overturned only if the activities of union supporters created an atmosphere of fear and coercion rendering a free and fair election impossible. *See Family Serv. Agency S.F. v. NLRB*, 163 F.3d 1369, 1377 (D.C.Cir.1999). Yet such a determination is inherently fact-intensive and, consequently, particularly suited to a hearing officer. *See E.N. Bisso & Son, Inc. v. NLRB*, 84 F.3d 1443, 1444 (D.C.Cir.1996) (citing *Amalgamated Clothing & Textile Workers Union v. NLRB*, 736 F.2d 1559, 1563 (D.C.Cir.1984)). "Thus, a hearing officer's credibility determinations may not be overturned absent the most extraordinary circumstances such as utter disregard for sworn testimony or the acceptance of testimony which is on its fac[e] incredible." *Id.* at 1444–45 (internal quotations omitted); *see also Cadbury Beverages, Inc. v. NLRB*, 160 F.3d 24, 28 (D.C.Cir.1998).

Here, NAE claims that the Board's certification of the Union lacks substantial evidence in the record by challenging the credibility determinations of the two hearing officers who rejected NAE's objections to the representation election. Both hearing officers, however, explained why they discounted the testimony of certain employer and Union witnesses, including rejection of internally inconsistent testimony as well as testimony contradicted by other witnesses. *See, e.g.*, Joint Appendix (JA) at 72, 74 n. 6, 77, 91, 133, 137, 139, 141, 143, 145. Where "[t]he testimony was in conflict," we defer to the findings of "the Hearing Officer[s], who had the opportunity to observe the witnesses and question them . . ., cho[osing] to credit one version of" events. *Amalgamated Clothing*, 736 F.2d at 1567.

The hearing officers also rejected proffered evidence of Union intimidation (both pre-election and on election day) as hearsay and rumor. *See, e.g.*, JA 65–66. In such circumstances, the Board permissibly adopted the credibility determinations of the hearing officers, *see* JA 123 n. 1, 153 n. 1, as well as the hearing officers' conclusions that, absent the discredited evidence, the Union's activities did not require overturning the representation election under Board precedent. *See* JA 154 n. 1; 146–48; *see also N. of Mkt. Sen. Servs. v. NLRB*, 204 F.3d 1163, 1169 (D.C.Cir.2000); *Amalgamated Clothing*, 736 F.2d at 1562; *Phillips Chrysler Plymouth*, 304 N.L.R.B. 16, 1991 WL 160361 (1991).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.